CHARLES W. THAYER *vs.* RICHARD T. LOMBARD & another,
executors.

Norfolk.   November 25, 1895. — January 4, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Dying Declarations as Evidence in a Civil Action.*

The admission of the declarations of a deceased person on the ground that they are
dying declarations is by the common law confined to prosecutions for homicide,
and there is no statute which makes them evidence in an action of contract.

CONTRACT, upon a promissory note for $100, dated December
1, 1891, and made payable six months thereafter to the order of
the defendants' testator.

At the trial in the Superior Court, without a jury, before
*Hammond*, J., the plaintiff testified that he lent to Lombard
one hundred dollars on the day of the date of the note, and
the defendants introduced evidence that the testator had for a
number of years before the date of the note, and up to the time
of his death, employed a bookkeeper who had kept a regular set
of books, including a note and a cash book ; that the testator was
taken sick on December 16, 1891, and was ever afterwards con-
fined to his house ; that he took to his bed on May 5, 1892,
executed his will on May 17, and died on May 29 ; and that the
note did not appear in his note-book, and no entry of cash
corresponding in amount appeared in his cash-book on or near
the date of the note.

The defendants offered to prove that, on May 6, 1892, the
testator was informed that he could not recover ; that he stated
to his wife and brother, the defendants, that he knew he could
not get well, and that he had but a short time to live, and
wished to arrange his business affairs ; and that on May 17 or 18,
after his will was executed, he gave his executors information
about his estate, his property and debts, and stated to them that
all the notes he owed appeared on his note-book, and all debts
in form of accounts on his other books.

The judge excluded the evidence, and found for the plaintiff;
and the defendants alleged exceptions.

*R. T. Lombard,* for the defendants.

*J. Everett,* for the plaintiff, submitted the case on a brief.

FIELD, C. J.   The dying declarations of the defendants' testator were not admissible to prove the facts to which the declarations related.   The facts in controversy were facts in the past, and not facts concerning the feelings or thoughts of the testator existing at the time the declarations were made.   See *Chapin* v. *Marlborough,* 9 Gray, 244.   The present case does not bring the declarations within any of the exceptions known to the common law where declarations of deceased persons are admitted in evidence.   The admission of the declarations of a deceased person on the ground that they are dying declarations is by the common law confined to prosecutions for homicide, and there is no statute which makes them evidence in a civil action such as this is.   1 Greenl. Ev. § 156.

*Exceptions overruled.*